IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION


ROBERT J. LEE                                  §

VS.                                            §            CIVIL ACTION NO. 6:09cv76

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION                 §

ORDER ADOPTING REPORT AND RECOMMENDATION

The Court referred the above-entitled and numbered civil action to United States Magistrate Judge John D. Love. The Magistrate Judge presented for consideration the Magistrate Judge's Report, containing proposed findings of fact and recommendations for disposition. No objections were filed; however, Plaintiff has filed motions and an affidavit since the Magistrate Judge presented his Report, so this Court will construe the contentions in those motions and affidavit as objections.

Plaintiff filed a motion for the Clerk of Court to "Correct the Harmful Errors by Listing and Not Listed Entries on the Civil Docket Sheet." Plaintiff contends that the Clerk has not sufficiently noted what the attachments are and that the docket sheet does not reflect that he has filed attachments. The docket sheet notations are sufficient, and the docket sheet reflects that Plaintiff has filed many attachments to several documents. All twelve attachments filed with this motion are now on the docket sheet as exhibits to this motion.

Plaintiff filed a motion for default judgment (dkt#20) asserting that Defendant failed to

timely plead or otherwise defend this case. Plaintiff filed an affidavit asserting the procedural facts in support of his motion. Plaintiff correctly points out that docket entry number ten says that Defendant's answer was due on June 26, 2009; however, this docket notation is a clerk's error. Docket entry number fifteen shows that service was executed on Defendant on June 8, 2009. That docket entry contains another clerk's error stating that Defendant's answer was due on June 29, 2009. An agency of the United States shall serve an answer to a complaint within sixty days after being served. Fed. R. Civ. P. 12(a)(3)(A). Defendant filed a motion to dismiss on August 7, 2009, before the sixty day period expired. This Court understands that the clerk's clerical errors created confusion for Plaintiff; however, his contention that the Court should render a default judgment in his favor based on Defendant's failure to timely file a response lacks merit.

Plaintiff asserts that he was denied his First Amendment rights because the case was assigned to the Magistrate Judge despite Plaintiff's failure to consent to having his case heard by a Magistrate Judge. A District Judge may, pursuant to 28 U.S.C. § 636(b), refer a case to a Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of pending motions, without the parties' consent. Plaintiff's contention therefore lacks merit.

Regarding the merits of his case, Plaintiff asserts that Defendant denied his due process rights by denying his request for review of the denial of his disability application and fraudulently denied his application. Plaintiff attaches a June 13, 1991, letter from The Agent Orange Veteran Payment Program saying that his application for disability was approved and that the approval should not affect his ability to receive other federal disability benefits. Plaintiff asserts that Defendant paid him Supplemental Security Income benefits until the VA began paying him for total disability. He then

asserts that *res judicata* does not apply because he has shown a colorable constitutional violation because of "constitutionally impermissible consideration," failure to list all harmful procedural errors, and denial of equal treatment.

On January 21, 1992, the Agency did deny Plaintiff's request for review (*Dkt. #17-2* at 17), after which Plaintiff filed suit in this Court on March 23, 1992 (*Lee v. Secretary of HHS*, 6:92cv170 (E.D. Tex. Mar. 29, 1994)). Plaintiff had an opportunity to raise any issues regarding alleged violations of his due process and equal protection rights; therefore, the denial does not constitute a colorable constitutional violation which would render the doctrine of *res judicata* inapplicable in the present case.

Plaintiff also filed a motion to appoint counsel. This Court determined that appointment of counsel would be neither necessary nor helpful because this Court lacks jurisdiction over the subject matter. All Plaintiff's claims are now barred from review by the doctrine of *res judicata*.[1]

This Court finds that the Magistrate Judge's findings and conclusions are correct and adopts them as the Court's findings and conclusions. The Court therefore

**ORDERS**, **ADJUDGES,** and **DECREES** that this action is **DISMISSED** with prejudice; and

**ORDERS** that all motions not previously ruled on are denied.

SIGNED this 8th day of January, 2010.

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

_____

[1] The Constitution does not require the Government to provide attorneys for civil litigants. *Potashnick v. Port City Construction Co.*, 609 F.2d 1101, 1118 (5th Cir. 1980); *see also* 28 U.S.C.A. § 1915(c), (d), and (e)(1).